## Weaver v. Melone et ux.

*H. S. Baile*, for plaintiff.

*P. N. Calabro*, for defendants.

FLOOD, J., November 5, 1947.—This is an action in assumpsit brought by the buyer under a written agreement of sale of real estate to recover from the seller the deposit money of $500. The agreement of sale provided that the above sum should be paid in cash in advance, that the balance of the purchase price amounting to $9,750 should be paid on the settlement

date, and that should the buyer fail to make settlement the seller should retain the down payment. In his complaint the buyer seeks to avoid the effect of this unconditional forfeiture clause by alleging that it was understood by both parties at the time the agreement was made that the buyer could not perform the agreement unless he could obtain a mortgage approved by the Veterans Administration, and that this mortgage was not approved by it because its appraisal of the value of the property was lower than the agreed sale price. For this reason, it is alleged, the buyer could not perform and is entitled to recover the deposit money. Defendant has filed preliminary objections in the nature of a demurrer and motion for a more specific complaint.

The preliminary objections must be sustained. Plaintiff's theory seems to be that the contract is discharged and plaintiff is entitled to restitution because of supervening impossibility, under the rules stated in A. L. I. Restatement of the Law of Contracts §457, et seq. A reading of these sections and the cases under them indicate that this theory is not applicable here.

While the supervening impossibility in this case is not of the type which, under the sections of the Restatement mentioned above, will excuse performance, yet if plaintiff had clearly alleged in paragraph four of the complaint that performance by plaintiff was to be conditioned upon his obtaining the mortgage approved by the Veterans Administration, he might be entitled to relief under the principles stated in sections 505, 506 and 509-11 of A. L. I. Restatement of the Law of Contracts. It is possible that plaintiff can make out a case warranting reformation of the agreement to express the real understanding and intent of the parties. For this reason leave should be given to plaintiff to amend his complaint if he can do so, to show a right to reformation, since in Pennsylvania, upon proper showing, such relief may be had in an

action of assumpsit: Marshall et al. v. Keystone Mutual Casualty Co., 54 D. & C. 391 (1945).

The preliminary objections are sustained; plaintiff is given the right to file an amended complaint within 20 days.